# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JUDY K. WILKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-402-G |
| | ) | |
| GREENS SERVICE COMPANY, | ) | |
| LLC, and THE GREENS | ) | |
| COUNTRY CLUB, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Now before the Court is Plaintiff's Motion to Strike Affirmative Defenses (Doc. No. 13). Defendants have jointly responded (Doc. No. 15), and Plaintiff has replied (Doc. No. 16). Having reviewed the parties' submissions and the relevant record, the Court denies Plaintiff's Motion.

### BACKGROUND

In this action, Plaintiff brings claims of unpaid overtime in violation of the Fair Labor Standards Act ("FLSA") and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") and the Oklahoma Anti-Discrimination Act ("OADA"). Defendants jointly filed their answer to the complaint on May 24, 2019. *See* Doc. No. 11. In her Motion, Plaintiff argues that the defenses set forth in paragraphs 31, 35, 36, 37, and 41 of the Defendants' Answer should be stricken as "legally deficient or insufficiently pled." Pl.'s Mot. at 2. These defenses allege:

> 31. The Greens acted in good faith and with a good faith belief that its actions relative to Plaintiff were lawful.

. . . .

    35. The decisions and actions taken by The Greens were not willful, but were taken in good faith and based upon a reasonable belief that all such actions did not violate the Fair Labor Standards Act, or other applicable laws or regulations, and should not subject it to liquidated damages.

    36. The Greens denies liability, and alternatively asserts that The Greens acted in good faith and on reasonable grounds at all times, and thus, cannot be liable for liquidated damages under the FLSA.

    37. The claims asserted are precluded because Plaintiff was exempt from the overtime requirements of the Fair Labor Standards Act. In light of the duties requested of and/or performed by Plaintiff, Plaintiff is exempt as, without limitation, a bona fide administrative employee.

. . . .

    41. The Greens reserves the right to amend this Answer to assert any counterclaims or additional defenses, including in particular those defenses set forth in Fed. R. Civ. P. 8(c), when and if, in the course of its investigation, discovery, or preparation for trial, it becomes appropriate to assert such defenses.

Answer (Doc. No. 11) at 5-7.

Defendants respond that the *Twombly/Iqbal* standard does not apply to affirmative defenses and that the challenged defenses provide Plaintiff with fair notice of what defenses and affirmative defenses Defendants will pursue.

STANDARD OF DECISION

Rule 8 of the Federal Rules of Civil Procedure prescribes that, when responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it," Fed. R. Civ. P. 8(b)(1)(A), and must "affirmatively state any avoidance or affirmative defense," Fed. R. Civ. P. 8(c)(1). Under Rule 12(f) of the Federal Rules of Civil Procedure, a court may "strike from a pleading an insufficient defense . . . ." Fed. R.

2

Civ. P. 12(f). Rule 12(f) relief, however, is generally considered a drastic remedy and is disfavored. *See Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL 718533, at *2 (W.D. Okla. Feb. 5, 2018).

The Tenth Circuit has not expressly addressed whether the *Twombly/Iqbal* standard governs affirmative defenses, and judges within this judicial district have reached different conclusions. *See Bors v. Okla. ex rel. Bd. of Regents for Reg'l Univ. Sys. of Okla.*, No. CIV-18-1235-R, 2019 WL 1177984, at *2 n.1 (W.D. Okla. Mar. 13, 2019) (collecting cases). Absent any controlling authority, the Court declines to apply the *Twombly/Iqbal* pleading standard to affirmative defenses. The Court is guided by the considerations outlined in 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure*, § 1381 (3d ed. 2019), which provides that "[t]he better view is that the plausibility standard only applies to the pleading of affirmative claims for relief, given that [*Twombly* and *Iqbal*] were interpreting the 'showing' language of Rule 8(a)(2)—language that does not appear in Rule 8(b) or Rule 8(c)—and given the different circumstances facing claimants (who have months or years to prepare their claims) compared with those facing respondents to claims (who typically have a few weeks to prepare a response)." *See also Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) (post-*Twombly* decision stating that "the liberal pleading rules established by the Federal Rules of Civil Procedure apply to the pleading of affirmative defenses," and courts should therefore "avoid hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of [Rule 8(c)]," which is "simply to guarantee that the opposing party has

notice" (internal quotation marks omitted)); *Stapp v. Curry Cty. Bd. of Cty. Comm'rs*, 672 F. App'x 841, 846 (10th Cir. 2016) (same).

In view of these considerations, the Court concludes that "at least in the ordinary circumstance, a more abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes." *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-0397-HE, 2009 WL 10671291, at *1 (W.D. Okla. July 30, 2009). A bare, laundry-list recitation of inapplicable defenses, however, is clearly improper. *See* Fed. R. Civ. P. 11(b)(2) (cautioning that defenses should be "warranted").

## DISCUSSION

Plaintiff first objects to Defendants' allegations of "good faith," which appear in paragraphs 31, 35, and 36 of their Answer. *See* Pl.'s Mot. at 10-12. Plaintiff argues that, due to the lack of factual support, it is unclear whether Defendants are raising a good faith defense "to liability, damages, or both." *Id.* at 10-11. Plaintiff similarly contends that Defendants failed to provide sufficient facts supporting their defense that Plaintiff is exempt as a "bona fide administrative employee." Pl.'s Mot. at 12-14. Based upon the standard discussed above, the Court finds that Defendants' articulation of these defenses satisfies the requirements of Rule 8, as the defenses contain sufficient detail to notify Plaintiff of their nature and their relationship to Plaintiff's claims.

Plaintiff next objects that Defendants are improperly seeking to reserve an unconditional right to assert unspecified defenses at a later date. Plaintiff points to Defendants' statement in paragraph 37 that "Plaintiff is exempt as, *without limitation*, a

4

bona fide administrative employee," Pl.'s Mot. at 13-14 (emphasis added), and to Defendants' statement in paragraph 41 that "[Defendants] "reserve[] the right to amend [their] Answer to assert any counterclaims or additional defenses," Answer at 6-7; *see* Pl.'s Mot. at 14. Defendants' right to amend their pleading to assert additional defenses is governed by Rule 15 of the Federal Rules of Civil Procedure, as Defendants acknowledge in their Response. *See* Def.'s Resp. at 12. Because Defendants do not expressly seek to contravene Rule 15 requirements, the Court interprets Defendants' statements as merely reservations of the right to seek leave to amend under Rule 15 (though such reservation has no practical effect).

CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Strike Affirmative Defenses with Authority (Doc. No. 13) is DENIED.

IT IS SO ORDERED this 29th day of August, 2019.

_____
CHARLES B. GOODWIN
United States District Judge